

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-410-CR

CALVIN R. KUYKENDALL                                                APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Calvin R. Kuykendall attempts to appeal his convictions for possession with intent to deliver a controlled substance of four grams or more and for illegal investment. The jury found Appellant guilty, and the trial court sentenced him to twenty-five years' confinement. We dismiss the appeal for want of jurisdiction.

---

[1] *See* TEX. R. APP. P. 47.4.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within thirty days after the day sentence is imposed, or within ninety days after the day sentence is imposed if the defendant files a timely motion for new trial. TEX. R. APP. P. 26.2(a)(1), (2). Appellant did not file a motion for new trial; thus, his notice of appeal was due October 17, 2007, but was not filed until October 24, 2007. Appellant did not file a motion to extend the time for filing the notice of appeal. *See* TEX. R. APP. P. 26.3.

On January 14, 2008, we notified Appellant of the apparent untimeliness of his appeal and informed him that we would dismiss the appeal unless he filed a response by January 24, 2008, showing grounds for continuing the appeal. *See* TEX. R. APP. P. 44.3. We did not receive a response.

A first supplemental clerk's record was subsequently filed on February 6, 2008. It contained a February 5, 2008 order appointing counsel for Appellant on appeal. We therefore notified Appellant's appointed counsel on February 6, 2008, of our concern that we lacked jurisdiction over the appeal. Appellant's counsel responded and explained that she had not been appointed to represent Appellant until February 5, 2008, because of an alleged trial court clerk error. Although Appellant did not file a motion for extension of time along with his late notice of appeal, his counsel requested that we allow the appeal to proceed pursuant to the procedure outlined in rule 26.3 and in the interest of justice;

2

counsel essentially asks that a motion for extension of time be implied as in civil appeals under *Verburgt v. Donner*, 959 S.W.2d 615, 617 (Tex. 1997).

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. TEX. R. APP. P. 26; *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210. The court has declined to adopt the liberal "civil appellate approach" that permits an appellant to invoke the jurisdiction of an appellate court by merely filing a notice of appeal within fifteen days of its due date, without the necessity of a timely filed motion for extension. *Olivo*, 918 S.W.2d at 522–25; *cf. Verburgt*, 959 S.W.2d at 615.

Appellant never filed a motion to extend the time to file the notice of appeal. Because Appellant's notice of appeal was untimely, we have no jurisdiction over this appeal. *See Olivo*, 918 S.W.2d at 522–23; *see also Slaton*, 981 S.W.2d at 209–10.[2] Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 20, 2008

---

[2] Unlike the court of criminal appeals, we cannot grant an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007).

4